UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.       )<br>)<br>(2)   HERBERT WRIGHT III, also known )<br>as "Herb," "Lil Herb," "G Herbo," and )<br>"Herbert Light,"     )<br>)<br>Defendant.   ) | Criminal No. 20-CR-30033-MGM |

**<u>UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)</u>**

The United States of America, by its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Order of Forfeiture is submitted herewith. In his plea agreement, the defendant, Herbert Wright III (the "Defendant"), agreed to entry of the requested order. *See* Docket No. 233 (Rule 11(c)(1)(B) plea agreement).

In support thereof, the United States sets forth the following:

1. On October 15, 2020, a federal grand jury sitting in the District of Massachusetts returned a fourteen-count Indictment, charging the Defendant, among others, with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count One); Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Two through Five); and Aggravated Identity Theft; Aiding and Abetting, in violation of 18 U.S.C. §§ 1028A and 2 (Counts Six through Fourteen).[1]

2. The Indictment also included a Forfeiture Allegation, pursuant to 18 U.S.C.

---

[1] The Defendant was not charged in Counts Two through Five of the Indictment.

§ 981(a)(l)(C) and 28 U.S.C. § 2461, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.[2]

3. The Forfeiture Allegation in the Indictment further provided notice that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

4. On July 28, 2023, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pleaded guilty to Count One of the Indictment, pursuant to a written plea agreement that he signed on June 5, 2023. *See* Docket Nos. 232, 233.

5. In Section 7 of the plea agreement, the Defendant agreed that the Court shall enter an Order of Forfeiture (Money Judgment) in the amount of $139,878 in United States currency. *See* Docket No. 233 at 5.

6. The Defendant admitted that $139,878 is subject to forfeiture on the grounds that it is equal to the amount of proceeds the Defendant derived from the Defendant's offense. *Id*.

7. Based on the Defendant's admissions in the written plea agreement and his guilty

---

[2] The Indictment included a typographical error and mistakenly listed "Counts Two through Five of the Indictment," but inadvertently did not include Count One. In his plea agreement, the Defendant specifically waived the requirement of Federal Rule Criminal Procedure 32.2 regarding notice of forfeiture in the charging instrument.

plea on July 28, 2023, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $139,878, pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461, as the amount of $139,878 constitutes the amount of proceeds the Defendant derived from the offense.

8. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See*, *e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an *in personam* judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

9. Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia*, 564 F.3d 502, 506-507 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

10. Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c); *see also United States v. Saccoccia,* 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court at sentencing:

(a) enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) retain jurisdiction in this case for purposes of enforcing the forfeiture;

(c) include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and,

(d) incorporate the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   /s/ *Carol E. Head*
STEVEN H. BRESLOW
CAROL E. HEAD
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Dated: October 17, 2023